Farrell v. Farrell.

JOHN FARRELL

v.

AMELIA FARRELL.

*Husband and Wife—Separate Maintenance—Extent of Allowance—Evidence—Threats—Receipt of Compromising Letters.*

Upon a bill for separate maintenance it is *held:* That the evidence sustains the decree; and that an allowance of $20 per month is not excessive, the husband being worth from $15,000 to $20,000.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Peoria County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. KELLOGG & CAMERON, for appellant.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellee.

LACEY, J. This was a bill for separate maintenance insti-

tuted by appellee against the appellant. Upon answer the case was referred to the master to take the testimony and report his conclusions thereon. The master reported the evidence, and found the equities in favor of appellee, and that she was entitled to a decree of separate maintenance, and that appellant should be compelled to pay appellee a separate support of $20 per month, commencing October 1, 1886. Exceptions were filed to the master's report by both parties; on the part of appellee because the allowance was inadequate, and by the appellant because the finding of the master was against the weight of the evidence and excessive. The court upon hearing overruled the exceptions of both parties and confirmed the master's report, and decreed that appellant pay his wife the sum of $240 per year, commencing October 1, 1886, in quarterly installments in sums of $60 each, and made the decree a lien on defendant's real estate. From the decree this appeal was taken. We do not think the amount is excessive, as the evidence shows that the appellant was possessed of and owned property to the value of from $15,000 to $20,000, mostly in productive property.

The only remaining question is whether the evidence justified the court in finding there were grounds for the decree of separate maintenance. After a full and careful reading of the evidence we are satisfied that there were sufficient grounds on which to base the decree.

It seems that the appellant became jealous of his wife on account of some letters of a compromising nature that she had received from other men. But the evidence fails to show that she ever responded to the letters, or ever had any improper relations with those men or any other. The letters, at the very worst, are only sufficient to raise a suspicion of wrong-doing against her, but are not proof of anything. Any person may write another a letter, and the person to whom it is sent can not prevent it. If such evidence should be held sufficient to blast one's character and establish guilt, no one would be safe. It seems further, from the evidence, the appellant had no just cause of complaint against his wife since their marriage, and his cruel treatment of her was not justified. The

threat to shoot her was most unmanly and unjustifiable. A woman would be unsafe to live with a man who made such threats. Besides this, he terrified her by keeping a loaded revolver in his pants pocket, in the room where they slept. It will not do for appellant to claim that he made the threats in " fun." How was appellee to know that they were so made? When a husband makes such threats against his wife she has a right to regard them as made in earnest, and he can not complain that she does. His conduct was such that she fled from him in great terror, and we think not without just cause.

Seeing no error, the decree of the court below is affirmed.

*Decree affirmed.*